## LOUDERBACK *v.* ROSENGRANT.

Proceeding before a justice of the peace, under the act of 1847, for a writ of *ne exeat*. The affidavit did not contain an allegation that the defendant was taking with him property subject to execution. The defendant having, upon the requirement of the justice, given special bail, afterwards but within thirty days from the decision of the justice, took an appeal to the Circuit Court. The plaintiff, in the Circuit Court, moved to dismiss the appeal. The motion having been overruled, the defend-

Nov. Term,
1853.

Louderback
v.
Rosengrant.

ant (who had not objected to the affidavit before the justice) moved to dismiss the suit for the omission in the affidavit of said allegation, whereupon the plaintiff interposed a motion to amend by supplying the omitted allegation. *Held,* that the motion to dismiss the appeal was properly overruled. *Held,* also, that the amendment of the affidavit should have been allowed.

*Saturday,*
*December 24.*

ERROR to the *Huntington* Circuit Court.

Perkins, J.—*Louderback* procured from a justice of the peace a writ of *ne exeat* against *Rosengrant,* upon an affidavit as follows:

"I, *Daniel Louderback,* do solemnly swear that *Charles Rosengrant* is justly indebted to me in the sum of eighty dollars by note, which note is not yet due; and that I have reason to believe and do verily believe that the said *Charles Rosengrant* is about to remove from this state without leaving sufficient property for the payment or satisfaction of his just debts, or without providing for the performance of his said contract. *Daniel Louderback.*"

The constable returned the writ, with the body of the defendant, to the justice, who, after hearing the case, "considered that said defendant remain in custody until he find security," &c.

The defendant thereupon gave special bail for the payment of the debt, or for his appearance to answer to a suit, &c.; and feeling himself aggrieved by the decision of the justice requiring such special bail, he subsequently, but within thirty days, appealed from said decision to the Circuit Court.

The history of the case and the points made and ruled in that Court, are shown by a short bill of exceptions which states, that "upon the calling of the cause the plaintiff moved to dismiss the appeal, because the defendant, on the trial of the cause before the justice, executed and filed his bond conditioned for the performance of the contract, in obedience to the order of the justice, before praying an appeal; which motion the Court overruled. And afterwards the said defendant moved to dismiss the suit, because the affidavit upon which the writ of *ne exeat* issued, did not contain an allegation that the defendant

was taking with him property subject to execution; where- <span>Nov. Term, 1853.</span>
upon the plaintiff interposed his motion for leave to file
an amended affidavit, which latter motion the Court over- <span>LOUDERBACK v. ROSENGRANT.</span>
ruled, and sustained the motion of the defendant to dis-
miss," &c.

The defendant was not bound to pray an appeal at any time before actually taking it by filing his bond. The objection first above mentioned, made by the plaintiff, may be treated, therefore, as being that the appeal was taken after the bond in the *ne exeat* proceeding was filed.

We think the Court did right in overruling the motion to dismiss the appeal. The statute authorizing the writ of *ne exeat* (Acts of 1847, p. 80, s. 14), provides that either party may appeal to the Circuit Court from the decision of the justice, as in ordinary cases.

In ordinary cases, a party may appeal from the judgment of the justice at any time within thirty days from its rendition. The privilege is without qualification, except that a bond must be given, and we are not disposed to curtail it by constructive waivers. Should an ordinary judgment before a justice be stayed by putting in bail, or be paid off even, still we think the right of appeal, on the part of the defendant, within the thirty days, would not be lost. The party would not, by those acts, be deprived of the statutory right of testing the correctness of the judgment, and obtaining relief should he procure its reversal in the Supreme Court. It might be out of his power immediately to get security in an appeal, while it might be in his power and necessary to his personal liberty, or the security of his property, to stay execution on the judgment till he could perfect an appeal.

We think the Court erred in refusing to permit the plaintiff to amend his affidavit. The statute relative to appeals generally from justices' judgments, expressly authorizes amendments in the Circuit Court; R. S. 1843, p. 891, s. 171; and, as we have said, the statute of 1847 relative to writs of *ne exeat*, puts appeals from decisions under it on the footing of ordinary ones. The affidavit, in a proceeding of this kind before a justice, like that in

a replevin suit, may be regarded as the cause of action. We see no injury that can result from permitting amendments in the Circuit Court in cases under this statute, and, in the present instance, it is entirely equitable that it should be done, as no objection was made to the affidavit at the trial before the justice, where, had objection been made, a corrective could have been applied before the accumulation of costs.

The Court should have sustained the motion of the plaintiff for leave to amend, and, of course, overruled that of the defendant to dismiss, as the amendment would, when made, remove the cause assigned for the dismissal.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. Brackenridge*, Jr., and *J. R. Coffroth*, for the plaintiff. *J. R. Slack*, for the defendant.