Fitzgerald *v.* Gray.

## FITZGERALD *v.* GRAY.

NE EXEAT.—*Undertaking by Plaintiff.—Amendment.*—The undertaking which the statute, 2 R. S. 1876, p. 275, section 665, requires to be filed in a proceeding for a writ of *ne exeat,* may be subsequently amended by filing a new undertaking.

SAME.—*Sufficiency of Undertaking.*—Where such undertaking is not made payable to the defendant, but is taken by an officer in the discharge of the duties of his office, under section 790, 2 R. S. 1876, p. 311, the undertaking will be sufficient.

SAME.—*Pleading.—Sufficiency of Complaint.—Demurrer.*—A complaint, accompanied by a proper affidavit, which alleges, that defendant is indebted to the plaintiff on a promissory note as maker, with another as surety, and that defendant is about to leave the State, without paying or making provision for the payment of the same, taking with him property, etc., subject to execution, with intent to defraud plaintiff and his surety, is sufficient on demurrer.

SAME.—*Complaint.—Parties.*—Under section 668, 2 R. S. 1876, p. 275, a complaint for a writ of *ne exeat* may be had against one party to a promissory note, without joining as plaintiff or defendant another, who is jointly liable with such party.

SAME.—*Evidence.—Proof of Fraud.*—In such a proceeding, evidence which shows that the defendant was about to leave the State, without performing or making provision for the performance of his contract, and was taking with him property subject to execution, is sufficient proof of fraud to maintain the case; nor is it any answer to such evidence, that a surety on the note was solvent, and able to pay the same at maturity.

From the Clinton Circuit Court.

*S. H. Doyal* and *P. W. Gard,* for appellant.

*H. T. Morrison, —. —. Morrison* and *J. N. Sims,* for appellee.

BIDDLE, C. J.—The appellee filed his complaint, with

the affidavit of his agent, James C. Gray, against the appellant, praying for a writ of *ne exeat.*

The complaint sets up an indebtedness to the appellee from the appellant, as principal, and James C. Gray, as surety, on a promissory note, and avers, that the appellant is about to leave the State, without paying or making provisions for the payment of said note, taking with him property, moneys, credits and effects subject to execution, with intent to defraud the appellee, and also his surety, James C. Gray. Praying for the writ, etc.

The appellee also filed a written undertaking with the affidavit and complaint, under section 665, 2 R. S. 1876, p. 275, upon which an order of arrest was issued to the sheriff, and the appellant arrested. Upon his arrest, the appellant gave bail for his appearance in court to answer the complaint. He appeared to the action, and moved the court to dismiss the proceedings for want of a sufficient written undertaking under the statute. Pending the motion, the court allowed the appellee to file a sufficient written undertaking, and overruled the motion, to which action of the court the appellant reserved his exceptions. The appellant then demurred to the complaint:

1. For that it does not state facts sufficient to constitute a cause of action;

2. That there is a defect of parties in this, that James C. Gray, one of the makers of the note sued on, is not made a party defendant; and,

3. That there is a defect of parties in this, that James C. Gray is not made a plaintiff in said cause.

The demurrer was overruled, and exceptions reserved.

Answer in denial. Trial by the court; finding for appellee, motion for a new trial; overruled; exceptions; judgment; appeal.

The appellant makes three points:

1. That the court erred in allowing the appellee to file a new written undertaking, and overruling the motion to dismiss the action.

In the case of *Louderback* v. *Rosengrant*, 4 Ind. 563, commenced before a justice of the peace, for a writ of *ne exeat*, and appealed to the circuit court, it was held by this court, that the circuit court should allow the plaintiff to amend a defective affidavit. We are of opinion, therefore, that a defective undertaking might be amended by making a new one. But we are not prepared to say, that the first undertaking in this case is defective. The defect alleged against it is, that it is not made payable to the appellant. It is not so in terms; but it being a written undertaking, taken by an officer in the discharge of the duties of his office, we think, that, under section 790, 2 R. S. 1876, p. 311, it is sufficient. In the case of *Moore* v. *Jackson*, 35 Ind. 360, an attachment bond, having the same defect, was held good under the same section.

2. There was no error in overruling the demurrer to the complaint. The facts stated therein are sufficient to authorize the writ.

James C. Gray was not a necessary party defendant. Such a case may be prosecuted by the person in whose favor the contract exists, against any one or more of the persons bound thereby. Sec. 668, 2 R. S. 1876, p. 275. He was not a necessary party plaintiff. By the same section it is provided, that this proceeding may be had in favor of any security or other person jointly bound with the defendant; but the security who is a maker, jointly bound with the defendant, need not to be made a party plaintiff with the person in whose favor the contract exists.

3. The appellant thinks the evidence does not sustain the verdict; particularly, because it does not prove fraud.

We think it proves clearly, that the appellant was about to leave the State, without performing or making provisions for the performance of the contract in question, and was taking with him property subject to execution. In our opinion, these facts constitute sufficient fraud to maintain the case. It is no answer to this, that James C. Gray,

his security on the note, was solvent, and able to pay the note when it became due. Either the security or the payee of the note would be entitled to the writ, on a proper case made, without reference to the solvency or insolvency of other parties bound.

The judgment is affirmed, with costs.