FITZGERALD v. GRAY.

NE EXEAT.—*Action on Recognizance.— Complaint.*—In an action on a valid recognizance, duly taken by the sheriff in a valid *ne exeat* proceeding, the complaint set out such recognizance and the proceedings in such *ne exeat* cause, and averred, as a breach of the recognizance, that the recognizors had made default in such cause, that judgment by default had been rendered therein against the debtor, that execution had been issued, and that, such debtor not having been found, the execution had been served on his surety in such recognizance.

*Held*, on demurrer, that the complaint is sufficient.

SAME.—*Abatement of Action.—Appeal to Supreme Court.*—An answer in such action, that, prior to the commencement thereof, proper steps had been taken towards perfecting an appeal of such *ne exeat* cause to the Supreme Court, is not sufficient to abate the action.

SAME.—*Stay of Proceedings.*—The perfecting of such appeal might be ground for obtaining a temporary suspension of the action on the recognizance.

SAME.—*Process.—Service.—Recognizance.—Sheriff.*—The taking of a recognizance by the sheriff, and entering it on the order of arrest in a *ne exeat* proceeding, is no necessary part of the issue, service or return of such order.

SUPREME COURT.—*Cause for New Trial.*—A cause for a new trial can not be considered by the Supreme Court on appeal, where the same has not been assigned in a motion for a new trial.

From the Clinton Circuit Court.

*S. H. Doyal* and *P. W. Gard,* for appellant.

*H. Y. Morrison, J. W. Morrison* and *J. N. Sims,* for appellee.

PERKINS, J.—Suit by William Gray, upon a forfeited *ne exeat* bond, against David and Abraham Fitzgerald.

The complaint alleges, that, on the 12th day of February, 1876, said William Gray held a promissory note for two hundred and six dollars, due September 11th, 1876, upon David Fitzgerald and J. C. Gray; that said Fitzgerald was principal, and said J. C. Gray was surety; that, at the request of said J. C. Gray, surety, this plaintiff commenced proceedings to obtain a writ of *ne exeat* against said David Fitzgerald; that he obtained such writ; that said David was arrested thereon, and thereupon executed the following recognizance:

"State of Indiana, } Sct.
"Clinton County. }

"Be it remembered, that, on the 12th day of February, one thousand eight hundred and seventy-six, before me, the undersigned, sheriff of the county of Clinton and State aforesaid, personally came David Fitzgerald and Abraham Fitzgerald, and jointly and severally acknowledged themselves to owe and be indebted unto the State of Indiana in the sum of $250, to be levied of their respective goods and chattels, lands and tenements, if default be made in the condition following: that is, if the above bounden David Fitzgerald shall personally be and appear before the Judge of circuit court, on the first day of their term next to be holden at the court-house in the town of Frankfort, on the — Monday in —— next, then and there to answer unto the State of Indiana, on an information on file in said county, for an action brought in the Clinton Circuit Court by William Gray *vs.* David Fitzgerald, and not depart thence without leave of the court, then the above recognizance to be void and of no effect; otherwise to be and remain in full force and virtue in law.

"Taken, acknowledged before and approved by me.
"WM. A. McCRAY,          D. FITZGERALD, [L. S.]
   "Sheriff C. C.          A. FITZGERALD. [L. S.]"

Fitzgerald *v.* Gray.

The discharge of said David and the return of the recognizance are averred.

The complaint further avers, that there. was a mistake in the recognizance, specifying it; alleges a breach thereof in this, that said recognizors, on being duly called, failed to appear and made default; that judgment was rendered against David Fitzgerald; that execution was issued thereon, and, said David not being found, the execution was served on said Abraham. Wherefore plaintiff prays judgment for two hundred and fifty dollars and costs.

These *ne exeat* proceedings, including the bond or recognizance and the judgment rendered therein, have been held valid, and been sustained by the decision of the Supreme Court, rendered at the last term of said court, in the case of *Fitzgerald* v. *Gray*, 59 Ind. 254.

Abraham Fitzgerald demurred to the complaint in the case before us, as not containing a cause of action. The demurrer was overruled. He answered:

1. That " he admits the execution of the bond as set out in the plaintiff's complaint, and the forfeiture thereof as therein stated, and the rendition of the judgment as therein described, but says, that, at the time of rendering said judgment, said defendant David Fitzgerald prayed an appeal therefrom to the Supreme Court of the State of Indiana, and thirty days were given said defendant, in which to file a bill of exceptions; that said bill was duly prepared, signed and filed in the office of the clerk of this court" (the circuit court) " within said thirty days, and that, on the 25th day of September, 1876, said David Fitzgerald served a notice in writing on 'the plaintiff's attorneys, and also on the clerk of this court" (the circuit court), stating the appeal from said judgment by said defendant. Wherefore defendant Abraham Fitzgerald says, that this suit should abate."

This paragraph is duly verified.

The general denial was filed as a second paragraph of answer.

Demurrer to the first paragraph sustained, and exception entered.

Trial by the court; judgment for the plaintiff in the sum of two hundred and thirty dollars, the amount of the note hereinbefore mentioned.

Motion for a new trial for the following causes, viz.: Judgment is not sustained by evidence, and is contrary to law; was overruled, and an appeal taken to this court.

The evidence is in the record.

The assignment of errors in this court is as follows:

1. The court erred in overruling the demurrer to the complaint;

2. In sustaining the demurrer to the first paragraph of answer;

3. In overruling the motion for a new trial; and,

4. In overruling the motion in arrest of judgment.

The court did not err in overruling the demurrer to the complaint. It contained a cause of action. *Fitzgerald* v. *Gray, supra.* It showed a breach of the recognizance, which recognizance was valid.

The court did not err in sustaining the demurrer to the first paragraph of answer. It did not show a perfected appeal, and, hence, does not show another action pending. *The Commissioners, etc.,* v. *Holman,* 34 Ind. 256. Nor do we decide that such fact would have been shown, if such appeal appeared to have been taken. It might have been averred for a temporary suspension of the suit.

The court did not err in overruling the motion for a new trial. The evidence sustained a judgment, and the objection was not made below that that rendered was too large.

The court did not err in overruling the motion in arrest of judgment. This is manifest from what has already been said.

The point is here made, that the recognizance was void because not entered upon the order of arrest. It is not shown that it was not so entered. We do not here decide that it was necessary that it should have been so entered. The statute requires the writ to " be issued, served and returned," as such orders are in other cases. Bicknell Civil Prac., 2d ed., p. 704.

But the taking and entering a recognizance are no necessary part of the issuing, serving or returning of the order of arrest.

The judgment is affirmed, with costs and five per cent. damages.