## MOORE ET AL. *v.* KESSLER.

CITY ELECTION.—*Board of Canvassers.*—*Action Against.*—*Pleading.*—The acts of a board of canvassers are ministerial; and if they unlawfully fail to perform their duty, or perform it in an unlawful manner, whereby a person is injured, they are liable, and the complaint therefor need not allege, that they acted maliciously, purposely or by mistake.

PRACTICE.—*Sustaining Demurrer to Argumentative Denial.*—*Harmless Error.*— No harm is done by sustaining a demurrer to a paragraph of answer, which amounts to an argumentative denial of the complaint, where there is a general denial also filed.

SAME.—*Pleading.*—*Lis Pendens.*—An answer, setting up that the plaintiff had commenced an action against the defendants for the same cause, in the same court, to be good, must allege that the first cause is still pending.

*Board of Canvassers.*—*Powers of.*—*Statute Construed.*—*Election.*—The powers of a board of canvassers of a city election are only ministerial, under section 12, 1 R. S. 1876, p. 271; and it is improper for the board to hear evidence as to irregularities at an election.

SAME.—*Returns of Election.*—*Uncertainty in.*—Where the returns of an election fail to state for what office parties named are voted for, they are void for uncertainty, and the canvassers of the election should reject them.

From the Carroll Circuit Court.

*L. E. McReynolds* and *J. H. Gould*, for appellants.

*B. B. Daily*, for appellee.

BIDDLE, C. J.—The appellee brought this complaint against the appellants, as a board of canvassers, alleging as his ground of action, that they refused to give him a certificate of election to the office of mayor of the city of Delphi, for which office he had received a majority of the legal votes cast. Demurrer to the complaint overruled; exception. Answer by a general denial, and in three special paragraphs. A demurrer to each special paragraph of answer, for want of alleged facts, was sustained, and exceptions reserved. Trial by jury; verdict for appellee. The following questions are presented by the record and discussed by the parties in their briefs:

1. The objection taken to the complaint by the appellants is, that it does not aver that the acts of the appellants complained of were done maliciously or purposely.

This is not necessary. The acts of a board of canvassers are ministerial; and if they unlawfully fail to perform them, or perform them unlawfully, whereby a person is injured, they will be liable; and it is immaterial whether they acted maliciously, purposely or by mistake.

2. The appellants insist, that the court erred, in each instance, in sustaining a demurrer to the second, third and fourth paragraphs of the answer. The second and third amount to no more than an argumentative denial of the complaint, and there being a general denial pleaded, the ruling upon the demurrer constitutes no available error.

3. The fourth paragraph of answer avers, that the plaintiff had commenced an action against the defendants, in the same court, for the same cause of action set forth in the complaint, which remained undetermined at the commencement of this suit.

This answer is insufficient as a plea in suspension of the action, because it does not aver that the first action was still pending. The demurrer to it was properly sustained. *The Board, etc.,* v. *The Lafayette, etc., R. R. Co.,* 50 Ind. 85, 118.

4. That the board of canvassers improperly heard evidence of certain irregularities alleged to have occurred at the election in the first ward of the city of Delphi. This was erroneous. The powers and duties of the canvassers are defined by sec. 12, 1 R. S. 1876, p. 271, which are to determine the persons having the highest number of votes for each of the several offices voted for, and to make and sign a certificate setting forth the names of the persons voted for, and for what offices, the whole number of votes given for each of the several offices, and the person having the highest number therefor, and to decide the person elected to the same. These duties and powers being only ministerial, it was improper to hear evidence touching irregularities at the election. The face of the tally papers and the certificate made by the in-

spectors, judges and clerks, are their guide. They can not go behind these returns. Such a power exists in contesting elections, but not in canvassing the number of votes. *Brower* v. *O'Brien*, 2 Ind. 423; *Kisler* v. *Cameron*, 39 Ind. 488.

5. But the face of the returns from the first ward presents a more difficult question. The tally papers and the certificate of the officers show, that John G. Kessler received 56 votes, that R. M. Allen received 23 votes, that Aaron Ford received 21 votes, and that William Nipper received 56 votes; but for what office these persons received these votes does not appear, either by the tally papers or the certificate, or by any other means on the face of the returns. Other persons were voted for with the offices designated opposite their names. The returns from the second and third wards—there appear to be but three wards in the city—are regular on their face, showing the number of votes, and for what office, each person voted for received. The certificate of the appellants, as canvassers, shows, that for mayor Robert M. Allen received 97 votes, and for mayor John G. Kessler received 75 votes. This certificate corresponds with the number of votes these persons received for mayor in the second and third wards; so it is plain that the canvassers rejected the returns from the first ward, as to any vote for the office of mayor. It is impossible to tell from the face of the returns from the first ward—which is the only guide to the canvassers—for what office the votes cast for Allen and Kessler were given. We think the returns from this ward, as to the office of mayor, are void for uncertainty, and that they were properly rejected by the canvassers. Section 37, 1 R. S. 1876, p. 441, enacts: "No tally paper, poll book, or certificate, returned from any election by the board of judges thereof, shall be rejected for want of form, nor for lack of being strictly in accordance with the directions herein contained, if the same can be satisfactorily understood." But it is impos-

sible to satisfactorily understand the returns from the first ward in this case, as to the votes given for the office of mayor, or indeed whether any—except one vote given for the Rev. Campbell—were given for that office at all. The returns in such cases, by sec. 11, 1 R. S. 1876, p. 270, should contain "a statement specifying the number of votes each person voted for has received, and the office designated thereby to fill." The returns from the first ward show the number of votes each person voted for received, but do no not show "the office designated thereby to fill." The defects complained of in this case are in the returns of the inspector, judges and clerks, and not in the certificate of the canvassers.

The judgment is reversed, at the costs of the appellee, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.