Morris v. The State, ex rel. Brown.

No. 9605.

MORRIS v. THE STATE, EX REL. BROWN.

EVIDENCE.—*Parol Evidence to Explain Record.*—*Plea in Abatement.*—*Pending Prior Action.*—*Variance.*—Where the pendency of a prior action is pleaded in abatement, and the record, which is offered to sustain the plea, shows a difference in the names of the plaintiffs in the two actions, parol evidence to explain the variance is not admissible without an averment in the plea that such plaintiffs are one and the same.

SAME.—*Admissions.*—*Instruction.*—An instruction, to the effect that oral admissions by a party should be received with great caution, because the witness may not have correctly understood them or may not have recollected them, is erroneous.

From the Henry Circuit Court.

J. *Brown*, W. A. *Brown*, C. D. *Morgan* and J. M. *Morris*, for appellant.

J. H. *Mellett*, E. H. *Bundy*, S. *Griffin*, J. B. *Julian* and J. F. *Julian*, for appellee.

MITCHELL, J.—On complaint of the relatrix the appellant was adjudged the father of a bastard child of which she was alleged to be pregnant.

It is assigned for error that the court overruled appellant's motion for a new trial, and under this assignment three points are discussed by counsel :

1. That the finding of the jury is not sustained by the evidence.

2. That the court erred in excluding the record of a prior action pending for the same cause.

3. That the court erred in giving certain instructions to the jury.

The relatrix seems to have been a married woman, living apart from her husband at the time the child was alleged to have been begotten. By her own admissions she was keeping company, somewhat promiscuously, with other men. The appellant denies persistently that he ever had any relations with her of any kind.

Another testified to having had frequent intercourse with her about the time she became pregnant.

It was shown that she had made contradictory statements with respect to the paternity of the child, and there was evidence tending to show that her general reputation was bad. There was also evidence tending to show that before she became pregnant of the child whose paternity is in dispute, she sustained a good reputation.

She testified to a number of acts of intercourse with the appellant, and asseverated that he was the father of the child. The jury believed her testimony, and returned a verdict accordingly.

The most that we can say is that upon the evidence as it appears on paper, we might not be able to say who was the father of the child, but as the jury, with the parties before them, found that it was begotten by the appellant, we can not say that the finding is not supported by evidence.

It appears from the record that this proceeding was commenced before Justice Hall on the 11th day of February, 1881. When brought before the justice, the defendant filed a plea in abatement, alleging therein that at the time this proceeding was commenced another proceeding was pending before the same justice for the same cause. In the circuit court the plea was re-filed and held good on demurrer.

At the trial the defendant offered in evidence the papers and docket entries in a case commenced before the same justice on February 7th, 1881, by Christina Riddle against him.

In that case, Christina Riddle preferred against the defendant, and had him arrested upon, a charge in all respects similar to that preferred by Christina Brown on the 11th of February. He offered to prove at the trial below that Christina Riddle and Christina Brown were one and the same person ; and he also offered to prove that the proceedings in the first case were pending when he was arrested on the warrant in the second.

We think it sufficient to say that without an averment in the answer that the prior action was commenced by Christina. Brown in the name of Christina Riddle, and that they were one and the same person, the evidence was not admissible. The record as offered did not sustain the plea, and parol evidence was not admissible to explain the variance without some appropriate averment which would lay the basis for such evidence. Moreover, it was not proposed to prove that the action was pending at the time the plea was filed, and the docket entry which was offered showed that the first suit was dismissed on the same day on which the last was commenced. *Moore v. Kessler,* 59 Ind. 152.

The court gave the following instruction, which was excepted to by the appellant : " Where it is sought to show that admissions have been made by a party to this cause, the rule of law is that you ought to receive such admissions with great caution. Among the reasons given why you should exercise caution are, that the witness may not have correctly understood the admission, or may not have recollected them; a change of words may alter the meaning, or words may have been omitted. For these and other reasons the law requires you to exercise caution in receiving the evidence of admissions. But an admission when clearly made and satisfactorily proven is a high order of evidence."

The appellant had given evidence tending to prove admissions on the part of the relatrix, that another person was the father of the child, and this instruction was applicable to such evidence. An instruction in substantially the same words has been condemned in the following cases : *Newman* v. *Hazelrigg,* 96 Ind. 73 ; *Finch* v. *Bergins,* 89 Ind. 360; *Garfield* v. *State,* 74 Ind. 60 ; *Davis* v. *Hardy,* 76 Ind. 272.

For the error in giving this instruction the judgment is reversed, with costs.

Filed May 14, 1885.