Bryan *v.* Scholl.

Filed Jan. 28, 1887.

---

No. 12,763.

## BRYAN *v.* SCHOLL.

PLEADING.—*Answer.*—*Prior Action Pending.*—A plea of prior action pending, in order to suspend or abate the action to which it is pleaded, must show that the action pending is between the same parties, and for the same cause as that involved in the action sought to be abated.

SAME.—An answer to a complaint in ejectment, which alleges that the plaintiff's right to recover is based upon a decree of foreclosure; that within a year from the rendition of such decree the defendant therein brought proceedings in the proper court for a review of such judgment and decree; that the court in such proceedings decided adversely to the defendant and rendered judgment against him therein; that the defendant had prayed an appeal from such judgment last named, filed an appeal bond, and directed the clerk to make a transcript, which he intended to file in the office of the clerk of the Supreme Court, upon

its completion, and praying that the proceedings be held in abeyance until his proposed appeal should be decided, is insufficient for any purpose.

SAME.—*Demurrer.*—*Form of.*—*Plea in Abatement.*—A demurrer to a plea in abatement in the ordinary form, alleging that the answer does not state facts sufficient to constitute a cause of defence, is sufficient.

EVIDENCE.—*Description of Real Estate.*—*Omission of County.*—*Judicial Knowledge.*—Where the plaintiff in an ejectment suit derives his title from a sheriff's deed, on decree in foreclosure proceedings, it is competent for him to introduce in evidence the decree, the certified copy thereof issued to the sheriff and the notice of sheriff's sale, although neither of them recites in terms that the land therein described is situate in the county where the proceedings were had; it appearing from the complaint, and the mortgage exhibited therewith, that the land was in such county, and the documents offered in evidence containing a proper description of such land by township and range, which brings the location thereof within the judicial knowledge of the court.

From the Clinton Circuit Court.

*J. V. Kent* and *J. W. Merritt,* for appellant.

*S. H. Doyal* and *P. W. Gard,* for appellee.

MITCHELL, J.—This was a suit in ejectment, the complaint being in the usual form for the recovery of real property.

The defendant filed an answer which is denominated a plea in abatement. It alleged, in substance, that the plaintiff based his right to recover the land in dispute upon a decree of foreclosure, given against the defendant by the Clinton Circuit Court, in favor of one Heavilon. It was averred, that within a year from the rendition of the decree through which the plaintiff claimed, the defendant below filed his complaint in the proper court, asking for a review of the judgment and decree, and that such proceedings were had in that behalf, as that the Clinton Circuit Court, upon the hearing, adjudged that he was not entitled to a review, and gave judgment against him accordingly.

The answer alleged further, that the defendant had prayed an appeal from the judgment in the proceedings for review, to the Supreme Court; that he had filed an appeal bond, and directed the clerk to make a transcript of the record, which

Bryan v. Scholl.

he intended to file in the office of the clerk of the Supreme Court, immediately upon its completion.

Upon the facts thus summarized, the court was asked to hold the proceedings in abeyance until the proposed appeal should be decided.

A demurrer was sustained to the answer, and this ruling is assigned as error.

The answer was clearly insufficient for any purpose. It shows affirmatively that no appeal had been perfected at the time of the commencement of this suit, and if a perfected appeal from the judgment in the proceedings for review had been shown, that would have been no cause for the abatement of this action. A plea of prior action pending, in order to suspend or abate the action to which it is pleaded, must show that the action pending is between the same parties, and for the same cause as that involved in the action which is sought to be abated. 2 Works Pr. and Pl. 684; *Board, etc., v. Lafayette, etc., R. R. Co.,* 50 Ind. 85, 117; *Commissioners, etc.,* v. *Holman,* 34 Ind. 256; *Fitzgerald* v. *Gray,* 61 Ind. 109; *Eiceman* v. *State, ex rel.,* 75 Ind. 46; *Merritt* v. *Richey,* 100 Ind. 416.

If an appeal had been perfected, the facts set out in the answer might have constituted sufficient ground for an application to the court to stay proceedings. As to this, however, we decide nothing. *Walker* v. *Heller,* 73 Ind. 46.

Some criticism is made upon the form of the demurrer. It is said, the ordinary form, that the answer does not state facts sufficient to constitute a cause of defence, is not sufficient when addressed to a plea in abatement.

We have been cited to no authority, and are not aware of any, which makes a distinction in the form of a demurrer, when addressed to a plea in abatement or other answer.

Speaking of general and special demurrers, and the proper occasion for their use, a standard author on pleading and

practice says: "The plaintiff, however, need never demur specially to a plea in abatement." 1 Tidd Pr. 695.

After the demurrer to the plea in abatement had been sustained, the defendant answered the general denial, and upon the issue thus made finding and judgment followed, upon a trial by the court, against the appellant.

At the trial the court admitted in evidence the complaint and proceedings in the foreclosure suit, already referred to, including the decree of foreclosure and the certified copy thereof, issued to the sheriff, together with the return showing the sale, and also the certificate of purchase and the sheriff's deed to the appellant.

These all appear to be regular, except that in the decree of foreclosure and the certified copy thereof issued to the sheriff, and in the published notice of the sale, the county in which the land is situated is not named. It is now contended that because of this omission, and because there was no proof, *aliunde*, that the lands described in the decree were the same lands as those described in the complaint for foreclosure, and in the sheriff's deed and the other proceedings, the court erred in admitting the decree, and the copy certified to the sheriff, and the notice of sale, in evidence.

Conceding all that is said concerning the necessity that the lands should be identified in the decree of foreclosure, the evidence objected to was nevertheless properly admitted.

The foreclosure proceedings were commenced, and the decree rendered, in the Clinton Circuit Court. No objection was made to the jurisdiction of the court. The mortgage, a copy of which was made part of the complaint in the foreclosure proceedings, describes the land as being in Clinton county. The decree and notice of sale described the land correctly, except that they did not recite in terms that it was situate in Clinton county, in the State of Indiana. Both the decree and notice did, however, contain the recital that the several tracts of land described were all in " township twenty-

one (21) north, of range one (1) west." The decree on its face directed the sheriff of Clinton county to sell the lands therein described, in default of payment of the sum of money found due. It will be presumed, therefore, to say the very least, that the lands were in the State of Indiana, and if in Indiana, since Clinton is the only county in the State which contains within its boundaries a township and range answering the description above set out, it conclusively follows from such description that the land was in Clinton county. *Brown* v. *Ogg,* 85 Ind. 234; *Dutch* v. *Boyd,* 81 Ind. 146; *Brown* v. *Anderson,* 90 Ind. 93; *Smith* v. *Clifford,* 99 Ind. 113; *Stockwell* v. *State, ex rel.,* 101 Ind. 1. This disposes of the questions made. There was no error.

The judgment is affirmed, with costs.

Filed Feb. 2, 1887.