STATE EX REL. DEPARTMENT OF FINANCIAL INSTITUTIONS
*v.* SONNTAG ET AL.

[No. 15,355. Filed May 7, 1935. Rehearing denied October 18, 1935. Transfer denied December 19, 1935. Petition to reconsider denied March 6, 1936.]

*Fred A. Wiecking, Alvin C. Johnson* and *Phelps F. Darby,* for appellant.

*Walker & Walker, Craig & Craig, W. M. Wheeler, Kahn & Enlow, Brady & Brady, Hatfield & Hatfield, W. C. Welborn* and *M. M. Miller,* for appellees.

Wood, J.—After having taken all the preliminary steps required under Sec. 63, Chapter 40, Acts 1933, p. 176, known as "The Indiana Financial Institutions Act," the appellant brought suit against the appellees for the collection of the respective amounts alleged to be due and unpaid by them on their stockholders' liability as owners and holders of stock in the American Trust and Savings Bank of Evansville, Indiana. The complaint was in one paragraph.

To this complaint the appellees filed separate verified answers in abatement alleging "that on the 16th day of January, 1932, in a cause entitled Walter D. Schreeder vs. Elizabeth Archer et al., being cause number 849 of the causes pending in the Superior Court of Vanderburgh County, Indiana, one Walter D. Schreeder brought his action against each of said defendants alleging therein the same cause of action set out in the complaint herein. That the said Walter D. Schreeder was a creditor of the American Trust and Savings Bank and brought his action for and on behalf of all depositors and creditors of American Trust and Savings Bank; that the cause of action was for the collection of the alleged constitutional and statutory liability of said defendants and each of them by reason of their ownership of capital stock of the American Trust and Savings Bank; that said action and this action were each brought for the benefit of the creditors of said American Trust and Savings Bank; that the liability sought to be enforced in each action is the same liability. That each of said defendants herein were defendants in the said cause, *Walter D. Schreeder vs. Elizabeth Archer et al.;* that the counsel representing the plaintiff in each of said actions is the same; that said cause of *Walter D. Schreeder versus Elizabeth Archer et al.* is still pending in said court and on appeal to the Appellate Court

of the State of Indiana." To this answer appellant filed a reply in general denial.

On these issues the cause was tried to the court resulting in a finding and judgment that the cause abate. Within proper time appellant filed a motion for a new trial, alleging as causes therefor that the decision of the court was not sustained by sufficient evidence, and that the decision of the court was contrary to law. This motion was overruled. Appellant appeals, assigning as the only error for reversal the overruling of its motion for a new trial.

The controlling facts, predicated upon documentary evidence and stipulations of the parties, were not controverted, and may be summarized as follows: January 16, 1932, "Walter D. Schreeder on behalf of himself and all other creditors of American Trust and Savings Bank of Evansville, Indiana," as plaintiff, filed his original first paragraph of complaint, designated as a "suit to enforce liability of bank shareholders," in the Superior Court of Vanderburgh County, against Elizabeth Archer and eighty-one others individually and as stockholders of said bank and trust company as defendants. This action was designated as cause No. 849, in said court. Summons was issued on this complaint by the clerk of the court and placed in the hands of the sheriff for service upon the same day that it was filed. This paragraph of complaint was dismissed September 14, 1932, and will not be further considered. June 10, 1932, in the same cause, the same plaintiff filed his second paragraph of complaint against the same defendants named in the first paragraph of complaint, but naming in addition thereto, three additional defendants, to-wit: American Trust and Savings Bank, Marcus S. Sonntag as Liquidating Agent of the American Trust and Savings Bank, and Luther F. Symons as State Bank Commissioner. This paragraph of complaint alleged that the plaintiff was a creditor of the bank; that he brought

this action for himself individually and on behalf of all other creditors of said bank; that on October 17, 1931, he was a depositor thereof, and that previous to bringing suit he demanded payment of his debt, which was refused; that on October 17, 1931, said bank was closed by an order of the State Banking Commissioner and that it had remained closed ever since; that on November 2, 1931, Marcus S. Sonntag was appointed as liquidating agent by the State Bank Commissioner; that on October 17, 1931, said bank was and ever since had been insolvent and unable to meet its liabilities; that by virtue of Sec. 6, Art. 11, of the Indiana Constitution and by virtue of Chapter 36, Acts 1931, p. 90, each one of the eighty-two defendants who was a stockholder in said bank was individually liable for its debts in an amount equal to the par value of his share of stock. This paragraph of complaint set out the number of shares of stock and par value thereof owned by each of the eighty-two defendants who were stockholders; that they had failed to pay the amount of their liability as stockholders and that it was due and owing to the plaintiff and other depositors; that other depositors were threatening to file and prosecute separate suits against the stockholders to enforce their liability; that it would be to the interest of creditors that all other depositors be enjoined from bringing suit; that there was no adequate remedy at law; that an independent audit of the bank's affairs was necessary; that the bank, liquidating agent and State Bank Commissioner were made parties defendant to respond to this paragraph of complaint. The prayer to this complaint was as follows:

"WHEREFORE, this plaintiff brings this suit in equity on behalf of himself and for the benefit of the other depositors and creditors of said bank who are similarly situated and hereby prays:

"1. That an audit of said bank's financial affairs and present status be forthwith ordered by the court.

"2. That pursuant to such audit an accounting be had and made by and between all the parties to this suit as to their respective claims, counter-claims and set-offs and to determine the exact amounts owing to or from the various stockholders and the various depositors respectively.

"3. That plaintiff recover of and from the defendant the sum of Two hundred and fifty thousand Dollars ($250,000.00) and that said judgment be pro-rated against the defendant stockholders in proportion to the shares of stock held by them respectively, not exceeding in each instance the par value of the shares held by said defendants respectively. That the court by supplemental orders herein enforce the payment of said judgment against said stockholders at such dates and in such amounts as the court may deem proper and sufficient.

"4. That a Receiver be appointed to collect, hold and disburse the money which shall hereafter be paid into court by said stockholders from time to time as the court shall order and decree.

"5. That the individual creditors of said bank other than this plaihtiff be enjoined from filing or prosecuting separate suits to enforce the liability of said stockholders.

"And the plaintiff further prays for all other necessary and proper relief."

April 13, 1934, one Meyer Siegel, a depositor in the bank filed a verified petition for leave to intervene in Cause No. 849, alleging therein, that he had been informed that Walter D. Schreeder, the original plaintiff as above designated, contemplated dismissing said cause of action; that the petitioner had not been consulted regarding such action by Schreeder; that it would be to the interest of himself, and the other depositors to permit him to be named as a party plaintiff and to continue the prosecution of the cause for and on behalf of himself and the other depositors. This petition was denied on April 28, 1934. On the same day, the above designated plaintiff in Cause No. 849, made an oral motion in open court for the dismissal thereof, which was sustained and said cause was dismissed over the objection

and exception of Meyer Siegel, who prayed and perfected a term time appeal from said ruling and order of the court in dismissing said Cause No. 849, to the Appellate Court. The transcript in this appeal being entitled *Meyer Siegel* v. *Elizabeth Archer et al.*, was filed in the Appellate Court, July 13, 1934, and assigned No. 15,302. Our records show that this cause was submitted August 2, 1934, that the appellant never filed a brief, that on his motion, the appeal was dismissed October 2, 1934, and on the same day he was permitted to withdraw the transcript in cause No. 15,302, for the purpose of filing same in another appeal in this court. On the same day, to-wit: October 2, 1934, the same transcript and assignment of errors was filed in this court as cause No. 15,373. Appellant's brief was filed November 20, 1934, the cause was submitted November 26, 1934, appellee's brief was filed January 12, 1935, and appellant's reply brief was filed January 24, 1935; this appeal is still pending in this court.

April 27, 1934, the appellant filed its complaint in one paragraph against the appellees, fifty-six in number, in the Superior Court of Vanderburgh County. It was designated as cause No. 3,019 in said court and captioned as a "Complaint to enforce stockholders liability." This complaint alleged that the American Trust and Savings Bank was closed on October 17, 1931, by an order of the State Bank Commissioner of Indiana; that from that date it remained closed and permanently suspended business; that it was at all times mentioned in the complaint a financial institution as defined by Sec. 3 of "The Indiana Financial Institutions Act," that the authorized and outstanding capital stock was 2,500 shares of the aggregate par value of $250,000; that on July 24, 1933, when the bank was in voluntary liquidation, pursuant to "The Indiana Financial Institutions Act," the department of Financial Institutions

took possession thereof for the purpose of liquidating it as in said act provided; that on January 25, 1934, the bank was insolvent and the cash value of its assets was not sufficient to pay its creditors in full; that on that date a resolution was duly adopted by the Commission for Financial Institutions in furtherance of the department's determination; that on February 5, 1934, the department made a written demand upon each of the stockholders for the full 100 per cent of individual liability imposed upon them by law; that each of the appellees had failed, neglected and refused to pay the amount so demanded; that the net balance due from each of the appellees had been unreasonably withheld and delayed since March 17, 1934, and the appellant was entitled to interest from that date. This complaint sets forth an itemized list of the fifty-six stockholders sued in the action, showing the number of shares owned by each of them, the depositors' dividend applied in various instances, and the amount of the stockholders' liability without interest. The prayer of the complaint was as follows:

"WHEREFORE plaintiff prays for a judgment against each of the defendants herein for the amount shown opposite his or her name in each instance, together with interest thereon at the rate of six (6) per cent (per) annum from the 17th day of March, 1934, and together with the costs of this action.

"And this plaintiff further prays for all necessary and proper relief."

The fifty-six defendants to this complaint in Cause No. 3,019, being the appellees here, all filed answers in abatement, a substantial portion of which has heretofore been set out, to this complaint, and they were all named as defendants in said Cause No. 849. All these answers in abatement were filed between May 12, 1934, and June 11, 1934. After its creation by the Act of

1933, *supra,* the Department of Financial Institutions was substituted as defendant for Luther F. Symons as State Bank Commissioner, in cause No. 849.

Our courts have announced some principles of law which are now regarded as settled and uncontroverted in this state, and should not be overlooked in ■■ determining the question presented by the record in this appeal. They may be briefly stated as follows: Sec. 6, Art. 11, Indiana Constitution, is self executing and under that constitutional provision, "The stockholders in every bank or banking company shall be individually responsible, to any amount, over and above their stock, equal to their respective shares of stock, for all debts or liabilities of said bank or banking company." An action to enforce this liability may be brought by one creditor on behalf of himself and all other creditors. *Gaiser* v. *Buck* (1931), 203 Ind. 9, 179 N. E. 1; and under the provision of Sec. 4952, Burns 1926, previous to its repeal by Sec. 73, Acts 1929, p. 796, such liability was also enforceable by a receiver of an insolvent bank. *Rowley* v. *Pogue* (1932), 203 Ind. 655, 181 N. E. 589.

A plea in abatement is merely a denial of the right to bring the present suit, it is a dilatory plea, and therefore amounts to a tacit admission of the ■■ cause of action. Such a plea is regarded unfavorably by the courts as having the effect of excluding the truth. It must be certain in every particular, that is, it must meet and remove by anticipation every possible answer of the adversary. " 'The plea must, at the same time, correct the mistake, so as to enable the plaintiff to avoid the same objection in framing his new writ or declaration.' "

"In Gould Pl., sections 52, 57, 58, 59, in speaking of the certainty required in pleas in abatement and other dilatory pleas, the rule is stated even

more strongly: 'Certainty of this sort, or "to a certain intent in *every particular,"* requires the utmost fullness and particularity of statement, as well as the highest attainable accuracy and precision, leaving, on the one hand, nothing to be supplied by intendment or construction; and on the other, no supposable special answer unobviated. The rule requiring this degree of certainty, is a rule not of *"construction"* only, but also of *"addition;"* that is, it requires the pleader, not only to answer fully what is necessary to be *answered;* but also to *anticipate* and exclude all such supposable matter, as would if alleged on the opposite side, *defeat* his plea.' "

*Needham* v. *Wright* (1895), 140 Ind. 190, 194, 39 N. E. 510; *Moore* v. *Morris* (1895), 142 Ind. 354, 41 N. E. 796; *Kinkle* v. *Coleman* (1910), 174 Ind. 315, 92 N. E. 61; *Randolph* v. *State* (1928), 200 Ind. 210, 162 N. E. 656; *Rush* v. *Foos Mfg. Co.* (1898), 20 Ind. App. 515, 51 N. E. 143; *Callahan Co.* v. *Wall, etc., Co.* (1909), 44 Ind. App. 372, 89 N. E. 418; *National etc., Co.* v. *Wolfe* (1914), 59 Ind. App. 418, 106 N. E. 390; *Dodgem, Corp.* v. *D. D. Murphy Shows* (1932), 96 Ind. App. 325, 183 N. E. 699.

Thus, as the facts are presented by the record before us, we approach the examination of the error relied upon for reversal with the assumption, that the appellees in filing their pleas in abatement, tacitly admitted, that they were all stockholders in the alleged insolvent bank; that as such stockholders they were responsible under the provisions of the Constitution and "The Indiana Financial Institutions Act" "to an amount over and above their stock, equal to their respective shares of stock, for all debts or liabilities of said bank," and that by such pleas, they sought to suppress the truth and were only endeavoring to postpone the day when they would be required to fulfill their constitutional and statutory obligation as stockholders of said defunct bank.

Appellant first insists that since the record shows without dispute, that *at the time of the filing* of the various answers in abatement, Cause No. 849, entitled Walter D. Schreeder, on behalf of himself and all other creditors of *American Trust and Savings Bank of Evansville, Indiana* v. *Elizabeth Archer et al.*, had been dismissed and was not actually pending as a cause in the Vanderburgh Superior Court, that the decision of the court was not sustained by sufficient evidence and was contrary to law. While the appellees insist that since the record shows without dispute that at the time of the filing of the complaint in Cause No. 3,019, the instant case, in the Vanderburgh Superior Court, on April 27, 1934, Cause No. 849, was still pending in that court and was not dismissed until April 28, 1934, the facts and the law are with them upon this phase of the case.

Both of these contentions find support in the decisions of our Supreme Court. In the case of *Lee* v. *Hefley* (1863), 21 Ind. 98, where this question was before the court, it was held that an answer in abatement was sufficient which alleged that at the time of the filing of the second cause of action, an action was then pending for the adjudication of the same cause between the same parties, and that it was not necessary to allege that the first action was still pending at the time of the filing of the answer in abatement. The court cited and quoted with approval from Saunders, Pleading and Evidence (2nd. Am. Ed.) p. 20, the following rule of law. "It does not seem necessary to state the declaration in the former suit, nor to aver that such action is still pending, as it is sufficient to abate the second writ to show that it was pending at the time the second action was commenced," to which it adhered in the decision of that case.

In the case of *Moore* v. *Kessler* (1877), 59 Ind. 152

153, a fourth paragraph of answer to the complaint alleged, ". . . that the plaintiff had commenced an action against the defendants, in the same court, for the same cause of action set forth in the complaint, which remained undetermined at the commencement of this suit." A demurrer was sustained to this answer. In passing upon the correctness of this ruling our Supreme Court said: "This answer is insufficient as a plea in suspension of the action, because it does not aver that the first action was still pending. The demurrer to it was properly sustained."

Again, in the case of *Morris* v. *State ex rel. Brown* (1884), 101 Ind. 560, 562, where the sufficiency of evidence to sustain a plea in abatement was questioned, the court said: "Moreover, it was not proposed to prove that the action was pending at the time the plea was filed, and the docket entry which was offered showed that the first suit was dismissed on the same day on which the last was commenced." Citing in support of this pronouncement *Moore* v. *Kessler, supra.*

In the case of *Hale* v. *Miller* (1891), 131 Ind. 80, 30 N. E. 884, the court followed the rule as stated in *Lee* v. *Hefly, supra.*

In the case of *Brown* v. *Doak Co.* (1921), 77 Ind. App. 130, 133 N. E. 172, the same question was before this court for consideration. After reviewing some of the above decisions of our Supreme Court, and many decisions of other jurisdictions, this court reached the conclusion that the rule as announced in *Lee* v. *Hefly, supra,* was a harsh rule and out of harmony with the courts of last resort of many states which had adopted the modern or more liberal rule, and transferred the case to the Supreme Court with a recommendation that the case of *Lee* v. *Hefly* be overruled. The Supreme Court did not see fit to follow the recommendation of this court. *See Brown* v. *Doak Co.* (1922), 192 Ind. 113,

135 N. E. 343. The court in deciding that case called attention to the fact that since the decision of *Lee* v. *Hefly* the Code had been re-enacted and that the construction thereof adopted by the Supreme Court had been carried into the re-enacted Code. It is worthy of note that the court did not cite or comment upon its decision in the case of *Moore* v. *Kessler, supra,* announced in 1877, before the re-enactment of the Code.

The last expression of our Supreme Court upon this question appears in the case of *Kostanzer* v. *State ex rel. Ramsey* (1933), 205 Ind. 536, 187 N. E. 337. We quote from the opinion of the court (p. 542) :

> "But the plea in abatement shows that prior to its filing the hearing had been concluded and the school board had formally decided that appellees contract should be canceled. In short, the trial court was asked to sustain a plea in abatement for a reason which the plea discloses had ceased to exist at the time the plea was filed. In the case of *Hamlin* v. *Stevenson* 34 Ky. (4 Dana) 597, the plaintiff had brought suit while still an infant. A plea in abatement was filed on the day the plaintiff became of age and upon appeal the court of appeals held that infancy and want of prochein amie was not pleadable in abatement 'and he then had a right to prosecute his suit in his own name without the intervention of a prochein amie.' We agree with the foregoing and conclude that when, as in the instant case, a cause of abatement has ceased to exist in fact before a plea has been filed such plea is not good even though the cause did exist when suit was filed. It was not error to sustain the demurrer to the plea in abatement."

No mention was made in this case of the former decisions of the court to which we have heretofore called attention, holding to a contrary view.

We are in full accord with the recommendation of this court in the case of *Brown* v. *Doak Co., supra,* and the rule as finally declared in *Kostanzer* v. *State ex rel. Ramsey, supra.* We are bound to follow

the law as announced by the Supreme Court, *In re Petitions to Transfer Appeals* (1931), 202 Ind. 365, 174 N. E. 812, and where its opinions are in conflict, will assume that the last statement of a rule of law made by it on any controverted question is the one by which this court is bound, and it is the one by which the future action of that court will be motivated. *Cohoon* v. *Fisher* (1896), 146 Ind. 583, 44 N. E. 664; *Vulcan Etc. Co.* v. *Electro Etc. Co.* (1913), 54 Ind. App. 28, 99 N. E. 429; Ewbank's Manuel of Practice (2nd. Ed. Sec. 253). We, therefore, hold upon this phase of the case, that the decision of the trial court was not sustained by sufficient evidence and was contrary to law.

The fact that Meyer Siegel perfected a term time appeal from the judgment of the Vanderburgh Superior Court, dismissing Cause No. 849, over his objection, which appeal was afterwards dismissed, would not be sufficient to abate appellant's cause of action. *Walker* v. *Heller* (1880), 73 Ind. 46; *Bryan* v. *Scholl* (1886), 109 Ind. 367, 10 N. E. 107; *Meyer* v. *State ex rel. Day* (1890), 125 Ind. 335, 25 N. E. 351.

As additional contentions in support of its assignment of error, appellant says that neither the party plaintiff nor the cause of action are the same in the two proceedings, and that therefore Cause No. 3,019 should not have been abated. "To constitute a good answer of another cause pending, it must appear that the suit pending is for the same identical cause of action as that in which the answer is interposed, and that it is between the same parties or their privies." *Needham* v. *Wright, supra,* (p. 195). "The fact that the plaintiffs in the two suits are different is, *prima facie,* an objection to the plea." *Smith* v. *Blatchford* (1850), 2 Ind. 184, 187; *Loyd* v. *Reynolds* (1868), 29 Ind. 299; *Dawson* v. *Vaughn* (1873), 42 Ind. 395; *The American White Bronze Co.* v. *Clark*

(1889), 123 Ind. 230, 23 N. E. 855; *Chapman* v. *Lambert* (1911), 176 Ind. 461, 96 N. E. 459; *Stuck* v. *Town of Beech Grove* (1928), 201 Ind. 66, 163 N. E. 483; *Jackson School Township* v. *State ex rel. Garrison* (1932), 204 Ind. 251, 183 N. E. 657; *Paxton* v. *Vincennes Mfg. Co.* (1898), 20 Ind. App. 253, 50 N. E. 583; *American Surety Co.* v. *State ex rel. Souers* (1912), 50 Ind. App. 475, 98 N. E. 829; *Bryan* v. *Scholl, supra;* 1 C. J. sec. 100, p. 76; Sec. 2-1007, Burns 1933, Sec. 111, Baldwin's Ind. St. 1934; Sec. 2-1011 Burns 1933, Sec. 115 Baldwin's Ind. St. 1934.

The authorities hold, that until a judgment has been rendered therein, the pendency of a creditor's suit for the benefit of himself and all other creditors similarly situated, cannot be pleaded in abatement of a subsequent suit by a different creditor who has not become a party to the former suit. *Innes* v. *Lansing* (1839), 7 Paige's Ch. Rpts. 583; *Small* v. *Sullivan* (1926), 219 N. Y. S. 34; *Severing Mfg. Co.* v. *Goldberg* (1896), 66 Ill. App. 568; 1 C. J. sec. 105, p. 80.

When tested by these rules of law, it is apparent that the facts as above set forth, all of which are uncontroverted, fail to meet the requirements necessary to abate the action brought by appellant.

The judgment is reversed, with instructions to the trial court to set aside its finding and judgment abating appellant's cause of action and to enter a finding and judgment against the appellees on their answers in abatement of said cause of action.

Kime, J., not participating.