MILLER, INDIVIDUALLY AND DOING BUSINESS AS MIDWEST
SUPPLY COMPANY *v.* ORTMAN-MILLER MACHINE
COMPANY, INC., ET AL.

[No. 18,495.   Filed February 10, 1954.]

*Owen W. Crumpacker* and *Edmund A. Schroer*, of Hammond, for appellant.

*Straley Thorpe* and *James J. Richards*, of Hammond, for appellee.

KENDALL, P. J.—This action was instituted by appellant against appellees for damages on a statutory injunction bond which it is alleged was given in another action filed in Lake Superior Court, Room 5, Hammond, Indiana, in cause #66270, in which action appellees herein were the plaintiffs.

The bond posted in the first action was the usual statutory bond conditioned that the appellee, Ortman-Miller Machine Company, as principal, and Maryland Casualty Company as surety would pay to the defendant (appellant herein) any and all damages and costs which might accrue to them by reason of the restraining order or temporary injunction granted in the first action.

Appellees filed answer in abatement to the suit on bond. The pertinent portion applicable to the issues under consideration is as follows:

> "a. That the cause of action out of which this cause of action arises, that is to say, the case of *Ortman-Miller Machine Company, Inc.* v. *J. Carter Miller, et al.*, Lake Superior Court, Room No. 5, Cause No. 66270 and Jasper Circuit Court, Cause No. 43-52, has not been finally determined and is presently pending on issues in the Jasper Circuit Court; that the rights of the parties therein have not been finally determined in said cause; that the funds 'frozen' were monies belonging to the plaintiff in said cause, who is defendant herein, and

which the plaintiff J. Carter Miller, defendant therein, refused to pay over to the Ortman-Miller Machine Company, Inc., prevail in said cause in the Jasper Circuit Court as aforesaid, the plaintiff herein would not be entitled to recover in this cause of action."

Appellant demurred to the plea in abatement which demurrer was overruled by the court. The appellant then filed answer to the plea in abatement. The appellees herein demurred to appellant's answer alleging that the answer did not state facts sufficient to constitute a defense to the defendant's plea in abatement, which was sustained. Appellant refused to plead over and judgment was rendered abating the action for damages on the bond and taxing costs against the appellant.

Appellant's assignment of errors are that the trial court erred in overruling appellant's demurrer to appellees' plea in abatement; in sustaining appellees' demurrer to appellant's answer to plea in abatement, and further that the trial court erred in entering judgment abating the action.

The court is first presented with the question of the sufficiency of the appellees' plea in abatement. We recognize the general rule in this state to be that if another action pending is pleaded as a matter in abatement that in order to prevail the parties to the two actions must be the same and the causes of action must be identical. *Loyd* v. *Reynolds and Others* (1868), 29 Ind. 299; *Bryan* v. *Scholl* (1886), 109 Ind. 367, 10 N. E. 107; *Paxton, Receiver* v. *The Vincennes Manufacturing Company* (1898), 20 Ind. App. 253, 50 N. E. 583; *Brown* v. *Doak Co.* (1922), 192 Ind. 113, 135 N. E. 343; *Princeton Coal, etc., Co.* v. *Gilchrist* (1912), 51 Ind. App. 216, 99 N. E. 426,

By the filing of the plea in abatement, the appellees did not afford the trial court any information regarding the first suit filed upon which the court must determine whether or not the issues of the first suit are the same as the issues in the second suit in which the bond was posted. The statement in the plea in abatement, "has not been finally determined and is presently pending on issue in the Jasper Circuit Court", and the further statement, "the rights of the parties therein have not been finally determined", under no circumstances constitute allegations of fact as to what the issues are in the second suit, thus affording the court an opportunity to determine whether or not the issues are identical.

A plea in abatement, such as the one filed in this case on the grounds of a prior action pending, is generally insufficient when it fails to show that another action was pending between the same parties involving the same cause of action at the time the proceedings sought to be abated were commenced. *Merritt* v. *Richey* (1884), 100 Ind. 416; *Needham et al.* v. *Wright et al.* (1894), 140 Ind. 190, 39 N. E. 510; *Princeton Coal, etc., Co.* v. *Gilchrist, supra; Bryan* v. *Scholl, supra.*

A plea in abatement to be sufficient must appear by averment therein that the cause of action referred to was the same cause of action in which the plea in abatement is filed. *Tague* v. *Board of Commrs. of Sullivan Co.* (1940), 107 Ind. App. 676, 26 N. E. 2d 562; *Kostanzer* v. *State ex rel. Ramsey* (1933), 205 Ind. 536, 187 N. E. 337; Lowe's Revision, Works' Indiana Practice, Vol. I, page 584.

We find nothing in the plea in abatement filed by appellees that alleges that the issues of the two cases

mentioned involve the identical and same subject matter. It merely states that the first suit is still pending out of which this action arises. The plea filed and relied upon by appellees failing to allege clearly that the suit on the bond is for the same cause of action and concerns the same subject matter as the first suit is therefore insufficient. *American Surety Co.* v. *State ex rel.* (1912), 50 Ind. App. 475, 98 N. E. 829; *Bryan* v. *Scholl, supra.*

Rules as to liberal construction do not apply to answers in abatement, and it is generally held that such answers are construed strictly against the pleader. *Greis, Trustee* v. *Herbert* (1940), 108 Ind. App. 369, 27 N. E. 2d 924. It is likewise generally held that such an answer must negative every possible exception, and, if possible, give the information by which the defect pointed out might be cured. *Meixell* v. *American, etc., Sales Co.* (1914), 181 Ind. 153, 103 N. E. 1071; *State ex rel. Dept. of Fin.* v. *Sonntag* (1935), 101 Ind. App. 557, 195 N. E. 601.

The law does not recognize any presumption in favor of plea in abatement and generally nothing can be supplied by intendment or construction. *Ward* v. *The State* (1874), 48 Ind. 289; *Lechner* v. *Strauss* (1912), 50 Ind. App. 414, 98 N. E. 444.

In view of the conclusion reached by this court, it is not necessary to discuss the other assigned errors.

Judgment reversed, with instructions to the trial court to sustain appellant's demurrer to appellees' plea in abatement.

Crumpacker, C. J. and Kelley, J. not participating.

NOTE.—Reported in 117 N. E. 2d 558.