Note.—See under (1) 35 Cyc. pp. 399 419, 441; anno. 22 L. R. A. 194; 15 L. R. A. (N. S.) 856, 37 L. R. A. (N. S.) 561; 24 R. C. L. p. 204. (2) 38 Cyc. p. 1543; 26 R. C. L. p. 1062; 3 R. C. L. Supp. p. 1490; 4 R. C. L. Supp. p. 1694; 5 R. C. L. Supp. p. 1437. (3) 38 Cyc. p. 1537.

## CUNNINGHAM v. OKLAHOMA WHEAT GROWERS ASS'N.

No. 16957—Opinion Filed Oct. 19, 1926.

### Contracts—Law as Part of Contract—Agriculture—Growers Marketing Association —Invalidity of Contract Regulating Member's Sale of Products.

The case of Oklahoma Cotton Growers Ass'n v. Salyer, 114 Okla. 77, 243 Pac. 232, followed, and paragraphs 1 and 2 thereof adopted as the syllabus in the instant case, except the fourth subdivision of paragraph 1, and the third subdivision of paragraph 2, the same not being applicable to the instant case.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Kingfisher County; Charles Swindall, Judge.

Action by the Oklahoma Wheat Growers Association against W. F. Cunningham for specific performance of a contract. Judgment for plaintiff, and defendant appeals. Reversed.

Harry C. Brownlee, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error.

Opinion by RUTH, C. The Oklahoma Wheat Growers Association, a corporation, commenced this action against W. F. Cunningham, a member of the association, and prayed an injunction issue enjoining defendant from disposing of his 1924 crop of wheat to any persons or parties other than the plaintiff, and for specific performance of a contract, whereby defendant agreed to dispose of all wheat grown by him during the years 1921, 1922, 1923, 1924, and 1925, attorney's fees and costs. The court found the defendant had disposed of his wheat crop of 1924, and previous years, and rendered judgment for plaintiff for $150 attorney's fees and $69.88 costs, and defendant appeals.

Plaintiff in its answer brief admits defendant signed the contract with the plaintiff in 1921, and while the co-operative marketing laws of 1917 were in full force and effect, and admits the by-laws of the Oklahoma Wheat Growers Association do not provide for a member of such association having the privilege of withdrawing from such association, which brings this cause squarely within the rule announced in Oklahoma Cotton Growers Association v. Salyer, 114 Okla. 77, 243 Pac. 232. While counsel for plaintiff does not agree with the rule announced in the Salyer Case, supra, this

court has not changed its view, and has re-affirmed the rule in that case in Carmichael v. Oklahoma Cotton Growers Ass'n, 117 Ok'a. 24, 245 Pac. 598, and in Hooven v. Oklahoma Cotton Growers Ass'n, 118 Okla. 238, 247 Pac. 39.

Plaintiff attempts to differentiate this case from the Salyer Case, supra, by reason of the fact that while the contract in the instant case was executed in 1921, prior to the act of 1923, wherein the act of 1917 was amended in part and repealed in part, the breach did not occur in the instant case until 1923 and after the act of 1923 became operative and effective.

In the Salyer Case, supra, this court said:

"The existing statutes and the settled law of the land at the time the contract is made become a part of it and must be read into it." Citing 6 R. C. L. p. 855; 13 C. J. p. 247; Dewerse v. Smith, 106 Fed. 438; 66 L. R. A. 971; Cases in Note to Union Central Ins. Co. v. Pollard, 36 L. R. A. 271; Armour Packing Co. v. United States, 153 Fed. 1, 14 L. R. A. (N. S.) 400.

The instant case falling fairly within the ru'e announced in the Salyer Case, supra, and on the authority of that case, the judgment of the trial court in the instant case is reversed, and the cause remanded, with directions to dismiss plaintiff's action.

By the Court: It is so ordered.