KOSTANZER ET AL. *v.* STATE EX REL. RAMSEY.

[No. 26,050. Filed November 2, 1933.]

*Charles M. McCabe, W. W. Cummings,* and *Ewbank & Dowden,* for appellants.

*W. J. Sprow,* for appellee.

TREANOR, J.—This was an action of mandamus against the board of school trustees of the School City of Crawfordsville brought by the relatrix, a teacher who had been employed by said board for six consecutive years, to compel the defendants to assign her to a place in the schools of Crawfordsville, pursuant to her indefinite contract of employment arising under the terms of ch. 97, Acts of 1927, p. 259, §6967.1 et seq., Burns Ann. Ind. St. Supp. 1929 (§§6003-6008, Baldwin's Ind. Ann Stat. 1934), and to compel the defendants to set aside their order suspending her from duty pending decision upon the proposed cancellation of her contract.

Appellee's complaint contained facts showing that by

virtue of her contract of employment on September 10, 1928, for the school year 1928-1929, having been employed for five consecutive years immediately prior thereto, she became a permanent teacher under the provisions of §1 of the Teacher Tenure Act. (ch. 97, Acts 1927, *supra*). The complaint alleged that in June, 1929, relatrix married; that on September 6, 1929, she was notified by the secretary of the school board that in pursuance of a rule of the board making married women ineligible to employment in said schools the board would, on October 8, 1929, take up for consideration the matter of the cancellation of her indefinite contract, and that pending a decision of such cancellation she was suspended from duty. It was further alleged that on September 13, 1929, she requested a written statement of the reasons for such consideration and requested a hearing upon the matter of said cancellation. On September 19, 1929, she received from the board a statement setting forth the reasons for consideration of cancellation, which reasons were: (1) That said relatrix had violated a rule of the school board providing that no married woman shall be employed as a teacher and that the marriage of a woman teacher during the term of her employment should operate automatically to terminate her services; and (2) that there had been a justifiable decrease in the number of teaching positions, rendering relatrix's services no longer necessary. Relatrix further alleged that "prior to the opening of said school term in September, 1929, said board of the school city of Crawfordsville employed new teachers of the same grade and for similar positions as relator has filled heretofore under her said contract on the teaching staff of said schools as teacher, thereby filling positions in said schools to which relator, under her indefinite contract, would be entitled." She asked that the defendants be ordered to assign her to a teaching place in the Craw-

fordsville schools, to set aside their order suspending her from duty, and to pay her a salary as provided by law.

On March 21, 1930, appellants filed their substituted amended plea in abatement in which it was alleged that on October 8, 1929, a meeting of the school board was held for the purpose of giving relatrix a hearing upon the proposed cancellation of contract, the proceedings of which meeting were set out in the plea. From the proceedings set out it appears that the attorney for the board stated that the reasons for the proposed cancellation of contract were as set out in the written statement of reasons mailed to relatrix, which reasons were then read; that testimony was heard and documentary evidence introduced, and that relatrix and her attorney declined to make a statement or present evidence. It also appears that the following resolution was offered and adopted: "Resolved, That the so-called permanent teacher's contract of Mary Cave Ramsey, formerly Miss Mary Cave, be, and the same is hereby cancelled."

The plea in abatement further alleged that the board had considered reducing the number of teaching positions, that such changes were put into effect at the beginning of the school year 1929-1930. The board's rule concerning married women teachers was set out and it was alleged that the board considered that the marriage of the relatrix "constituted good and just cause even standing alone for the cancellation of the relator's said contract." The plea alleged that relatrix commenced this action for mandate pending proceedings, before the board, and before the matter was finally determined and that the order of suspension was made under the authority of §2 of the Teacher Tenure Act (§6967.2, Burns Supp. 1929, §6004, Baldwin's 1934), which reads as follows: "Sec. 2. . . . . Nothing contained in this section shall prevent the suspension from duty of any

teacher pending a decision on the cancellation of such teacher's contract."

Relatrix's demurrer to the plea in abatement was sustained and appellants' demurrer to the complaint was overruled. Appellants filed an answer in three paragraphs, the first a general denial, the second alleging that relatrix had violated a rule of the board in accepting other employment and compensation while teaching, and in the third alleging the facts heretofore set out concerning notice and hearing held upon the cancellation of contract on the grounds of marriage and justifiable decrease in the number of teaching positions. A reply in general denial closed the issues. The court made a special finding of facts and concluded that the law was with relatrix. Judgment was rendered that the defendants reinstate relatrix as a teacher under her indefinite contract.

Appellants assign and present on appeal the following alleged errors: (1) The court erred in sustaining appellee's demurrer to appellants' amended plea in abatement; (2) the court erred in overruling appellants' demurrer to the complaint; (3) the court erred in its conclusions of law.

The appellee assigns as cross error that the court erred in overruling her motion to modify the judgment so as to include therein the amount of her salary from the date of her suspension.

Appellants support their assignments of error, that the trial court erred in sustaining appellee's demurrer to the appellants' plea in abatement and amended plea in abatement, by the following proposition:

"A party whose rights are subject to determination by a lesser tribunal, such as an administrative board, cannot maintain an action thereon in the courts until she has first exhausted her remedies by hearings before such board." Appellants' proposition is sound but

cannot be applied to the record facts. The school board was authorized to suspend appellee from duty pending a decision on the cancellation of her contract and if the plea in abatement had been filed prior to the hearing and decision to cancel it would have been error to sustain a demurrer to the plea. But the plea in abatement shows that prior to its filing the hearing had been concluded and the school board had formally decided that appellee's contract should be cancelled. In short, the trial court was asked to sustain a plea in abatement for a reason which the plea disclosed had ceased to exist at the time the plea was filed. In the case of *Hamlin* v. *Stevenson* (1836), (34 Ky. Reports 597, 4 Dana 597), the plaintiff had brought suit while still an infant. A plea in abatement was filed on the day the plaintiff became of age and upon appeal the court of appeals held that infancy and want of prochein amie was not pleadable in abatement "as he then had a right to prosecute his suit in his own name without the intervention of a prochein amie." We agree with the foregoing and conclude that when, as in the instant case, a cause of abatement has ceased to exist in fact before a plea has been filed such plea is not good even though the cause did exist when suit was filed. It was not error to sustain the demurrer to the plea in abatement.

It is not material whether the trial court erred in overruling appellants' demurrer to appellee's complaint. Appellants chose to go to trial on the merits and at the request of appellants the trial court made a special finding of facts. No question as to introduction of evidence is presented by appellant and nothing in the assignment of error challenges the sufficiency of the evidence to support the finding of facts. The policy of the law of our trial and appellate procedure is to avoid reversals when a case has been tried fairly on its merits and the correct result reached even

though the trial court may have erred in some particular ruling. This policy is given effect by express statutory enactment in respect to error in overruling demurrers.[1] We recognize of course the limitation that the record must show that the merits of the cause have been fairly determined and that the erroneous ruling "did not affect the substantial rights of the adverse party." *Miller* v. *Bottenberg et al.* (1886), 144 Ind. 312, 41 N. E. 804. An examination of the record in the instant case leaves no doubt that the parties and the trial court considered the issue to be simply whether the action of appellants in cancelling appellee's indefinite contract was in accordance with the Teacher Tenure Act. The special answer of appellants presented this issue; the evidence was directed to it and the special finding of facts covered it. We conclude that appellants were in no way prejudiced by the trial court's ruling on the demurrer to the complaint.

The remaining question is whether the court erred in its conclusion of law stated on the special finding of facts that "the law is with the plaintiff and that the plaintiff is entitled to an order of the court directing the board of school trustees of the school city of Crawfordsville, Indiana, to reinstate the relatrix, Mary C. Ramsey, as a teacher under an indefinite contract."

The facts found by the trial court respecting the merits of the proceeding to cancel appellees contract required the trial court to conclude that the law was with the appellee. The causes which were relied upon by appellants to justify cancellation of appellee's contract were (1) justifiable decrease in the number of teaching positions, and (2) the fact of appellee's marriage de-

*Note 1.* ". . . But no objection taken by demurrer, and overruled, shall be sufficient to reverse the judgment if it appears from the whole record that the merits of the cause have been fairly determined. . . ." Acts 1881, sp. session, p. 240, §91, §368, Burns Ann. Ind. St. 1926.

spite a rule of the school corporation which provided that "no married woman shall be employed as a teacher, and the marriage of the woman during her term of employment shall operate to automatically terminate her services as teacher." The trial court's finding number 22 is as follows: "That on or about September 13, 1929, a primary teacher, to wit, Margaret Coons, resigned her position in said school as a teacher in the second grade, and that said school board immediately employed another teacher to fill said vacancy caused by such resignation; that at said time said relatrix was ready, willing, capable and competent to fill said primary position and was so licensed to teach; that said relatrix had taught in the second grade of said school prior to the cancellation of her said contract. The court further finds that there was no justifiable decrease in the number of teaching positions, but that relatrix was discharged because of her marriage relation."

Appellants urge that the finding that there was no justifiable decrease in the number of teaching positions is a conclusion of law; or, at the most, a conclusion of fact unsupported by recital of specific facts. We are of the opinion that the statement that "there was no justifiable decrease in the number of teaching positions" is a proper finding of fact and that a recital of the constituent facts thereof would be merely a statement of evidentiary facts. "Justifiable decrease" does not state any legal consequences nor describe any legal concepts. It describes a "common concept";[2] a factual situation from which could be drawn the legal conclusion that a good cause exists for the cancellation of an indefinite contract.

*Note 2.* "A 'legal conclusion' is a 'conclusion of law,' or an allegation of law. In other words it is a use of language in its legal significance as opposed to a use of language in its factual significance. It describes legal concepts and not common concepts." 16 Minn. L. Rev. 378, 391.

Since appellants do not question the finding "that relatrix was discharged because of her marriage relation" and since there is no dispute as to the facts relating to the marriage rule and to appellee's marriage, it is a question of law whether appellee's marriage constituted a "good and just cause" for cancellation of her indefinite contract. In *School City of Elwood* v. *State ex rel. Griffin* (1932), 203 Ind. 626, 631-634, 180 N. E. 471, 81 A. L. R. 1027, this court held that marriage in itself was not a good and just cause for the cancellation of a tenure teacher's contract. It was said in that case that "the arbitrary determination of the school board that the marriage of women teachers . . . . was 'good and just cause' for their removal is, as a matter of law, declared to be erroneous and invalid." In the instant case there is not only the fact of marriage but also the fact that appellee married in defiance of a rule of the school board which prohibited employment of a married woman as a teacher and further provided that marriage by a woman teacher during a term of employment should operate "to automatically terminate her services as teacher." One of the statutory "good and just" causes is *insubordination,* which is defined as "wilful refusal to obey the school laws of this state or reasonable rules prescribed for the government of the public schools of such corporation." If the rule respecting marriage is a reasonable rule then appellee's marriage was an act of insubordination and constituted good and just cause for cancellation of her contract. The reason for our holding in *School City of Elwood* v. *State ex rel. Griffin, supra,* that marriage of a woman teacher is not legal cause for cancellation of her contract is that her marriage bears no reasonable relation to her fitness or capacity to hold the position of teacher in the public schools and to discharge the duties thereof. For the same reason we conclude that a rule forbidding mar-

riage of a woman teacher or declaring that her marriage must "automatically terminate her services as a teacher" is not a reasonable rule. Consequently appellee's refusal to obey the rule in question was not insubordination and did not constitute "good and just cause" for cancellation of her contract.

Appellants contend that mandamus is not available to compel appellee's reinstatement as a permanent teacher unless her teaching position is an office; and if it is an office appellants contend that the act creating it must be unconstitutional[3] since it in effect creates an office with life tenure. In *Roth* v. *State ex rel. Kurtz* (1902), 158 Ind. 242, 63 N. E. 460, it was urged that the position of policeman or fireman was an office within the meaning of §2, Art. 15 of the Indiana Constitution. This contention was rejected. The very thorough discussion of this question in the opinion of the court in that case applies to the position of a teacher under the tenure act. Furthermore when we consider the character of the service rendered by a teacher it seems clear that he is not an "officer" of the school corporation. Officers of municipal corporations, school or civil, exercise the governmental powers of their respective corporations; and school boards or trustees of school townships as officers of school corporations and in the exercise of governmental powers employ teachers to perform certain services for the corporations. But in performing these services teachers do not represent the state or municipal corporations or in any sense exercise governmental powers. Consequently we conclude that the position of a teacher is an employment and not an office.

---

*Note 3.* "When the duration of any office is not provided for by this constitution, it may be declared by law; and if not so declared, such office shall be held during the pleasure of the authority making the appointment. But the general assembly shall not create any office the tenure of which shall be longer than four years." Art. XV, §2, Indiana Constitution, §231 Burns Ann. Ind. St. 1926.

If appellee's position is not an office appellants insist that mandamus is not available for the reason that the granting of mandatory relief results in enforcing a purely contractual right. It is true that mandatory relief against appellants will result in enforcing appellee's rights under her contract; but the duty which the judgment of the trial court compelled appellants to perform was a duty enjoined by statute and not by contract. The contract between appellants and appellee created a relation which entitled appellee to have appellants perform the duty in question; but the duty was not imposed by any provision of the contract. In *School City of Elwood* v. *State ex rel. Griffin, supra,* this same contention was disposed of in the following language: "It is because of appellees' rights under this statute and the duty of appellants imposed by the same that mandamus is the proper remedy in this case. §1245, Burns 1926; *State ex rel.* v. *Cadwallader* (1909), 172 Ind. 619, 87 N. E. 644, 89 N. E. 319; *State ex rel.* v. *Board* (1913), 18 N. M. 183, 135 Pac. 96, 49 L. R. A. (N. S.) 62, note 63. A public school teacher who, under a positive provision of the statute, has a fixed tenure of employment or can be removed only in a certain manner prescribed by the statute, is entitled to reinstatement if he has been removed from his position in violation of his statutory rights."

It is also urged by appellants that the Tenure Act violates the constitutional provision that "the General Assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms, shall not equally belong to all citizens." (Art. I, §23, Indiana Constitution, §75, Burns Ann. Ind. Stat. 1926.)

In *School City of Elwood* v. *State ex rel. Griffin, supra,* which was followed in *Ratcliff* v. *Dick Johnson School Township* (1933), 204 Ind. 525, 185

N. E. 143, this court held that the indefinite tenure provision of the Teacher Tenure Act did not violate .the equal privileges and immunities section of the Constitution. In passing upon the validity of any statute relating to the administration of our schools we must recognize that the state is the proprietor of our public schools and that under Art. VIII of the Indiana Constitution the power of the General Assembly to regulate the common school system is practically unlimited. It is clearly within the power of the General Assembly to fix qualifications for teachers and to provide for an indefinite tenure of position conditioned upon satisfactory performance of duties. If that offends the equal privileges and immunities section then the state is powerless to adopt civil service rules for any part of the public service. We think that the section in question cannot be offended by a statute providing for indefinite .tenure of public school teachers, conditioned upon satisfactory services, in the absence of any provisions which would exclude any citizen or class of citizens from equal opportunity to qualify for teaching positions or for tenure status. There is nothing in the tenure statute which confers upon any citizen or class of citizens, as such, any privilege or immunity which does not "upon the same terms . . . equally belong to all citizens."

The tenure act permits a teacher to cancel his contract at any time after the close of a school term up to thirty days prior to the beginning of the next school term, provided five days' notice is given, and appellant contends that there was no contract between appellee and appellants for the reason "that a contract which does not bind both parties binds neither of them." This proposition is undoubtedly supported by the law of contracts. But there is nothing in the law of contracts to prevent one party to a contract granting to the other the privilege of rescission or can-

cellation on terms not reserved to the former party. The local school corporations are agents of the state in the administration of the public schools and the General Assembly has the power to prescribe the terms of the contract to be executed by these agents.

The complaint does not allege and there is finding that the superintendent of schools had made a report on appellee's "preparation, experience and license, as provided for in §3 of the Teacher Tenure Act (§6967.3 Burns Ann. Ind. St. Supp. 1929, §6005 Baldwin's Ind. Ann. Stat. 1934) and appellant urges that such a report was a condition precedent to appellee's becoming a permanent teacher. We considered this contention and rejected it in *State of Indiana ex rel. Clark* v. *Stout, Trustee* (1933), 206 Ind. 58, 187 N. E. 267. As indicated in the opinion in that case we believe that the requirements of §3 of the Teacher Tenure Act must be treated as advisory to the employing officials and not as creating a condition precedent to a school corporation's entering into a valid contract with a teacher.

Appellee has assigned as cross error the trial court's overruling of her motion to modify the judgment to include judgment for the year 1929-1930. We agree with appellants that appellee's motion to modify the judgment merely raises the question whether the judgment follows the conclusions of law. In our opinion it does. Further we agree with appellants that the question of appellee's salary for the year 1929-1930 was not in issue.

We find no reversible error and the judgment of the trial court is affirmed.