## WHITLATCH *v.* SCHOOL TOWN OF MILAN ET AL.

[No. 26,208. Filed November 1, 1935.]

*M. P. Hubbard, James Connelly, Robert A. Creigmile* and *Tremain & Turner,* for appellant.

*Wycoff & Wycoff,* for appellees.

HUGHES, J.—This was an action in injunction by the appellant against the appellees seeking to enjoin the appellees from removing and dismissing said appellant from her employment as a teacher in the Milan Schools.

The complaint of appellant, plaintiff below, was in one paragraph, and alleged that she was a permanent licensed public school teacher in the public schools of Milan, having taught in said public school system for seven years continuously last past, and that she was ready and willing to continue teaching in said public school system as a permanent school teacher; that the

defendants were unlawfully and without right attempting to cancel and set aside plaintiff's indeterminate teacher's contract with said defendant school town, and attempting to prevent her from teaching under her said contract in the ensuing term of said public school. The complaint further alleged that she had been informed by said defendants that they were cancelling her contract as a permanent teacher because she was a married woman. The plaintiff asked for a temporary order restraining defendants from cancelling her said contract. The order was granted and later a temporary injunction was also granted.

At the final hearing and trial of the case, the court found for appellees and held that the plaintiff, appellant herein, was not a permanent teacher of the school town of Milan, as such type of teacher is defined, and created under and by virtue of the provisions of chapter 97, Acts 1927.

The errors relied upon for reversal are as follows:

(1) The court erred in overruling the motion of appellant to strike out the third paragraph of the answer of the defendants and each of them herein;

(2) The court erred in overruling the appellant's motion for a new trial.

Other causes were assigned but they are not set out in appellant's brief under points and authorities, and are not discussed or considered in any manner, and are therefore waived. The motion for a new trial assigns two reasons:

(1) The decision of the court is not sustained by sufficient evidence;

(2) The decision of the court is contrary to law.

The case was tried upon an agreed statement of facts which is lengthy, and we will set out only those facts which we deem necessary to a proper solution of the questions involved. It was stipulated and agreed: That plaintiff is now a duly licensed public school teacher in

the public schools of said school town of Milan, Indiana; that plaintiff has taught in said public schools as a regularly employed teacher for seven years continuously last past; that plaintiff is ready and willing to continue to teach in said public school system as a permanent teacher; that her salary for the last school year was $1,040; that the defendant board of school trustees prior to the filing of plaintiff's complaint notified plaintiff that they intended to cancel her contract and upon request of plaintiff for the board to give her the reason for such cancellation the board of school trustees informed the plaintiff in writing that it was because she was a married woman; that the plaintiff did not request said board to fix a time and place for a hearing on the proposal of cancellation, and no hearing was had; that within fifteen days after the plaintiff was notified of the reason for discharging the plaintiff she filed her action in the Circuit Court of Ripley County; that the School Town of Milan is a municipal corporation and had a duly elected and acting superintendent of schools, and that said superintendent did not at any time prior to the filing of plaintiff's complaint herein give the school corporation his recommendation upon whether or not plaintiff should become a permanent teacher in said schools, and no request was made by plaintiff for a recommendation from said superintendent; that the plaintiff is now and has been for several years last past a married woman, and that the Board of School Trustees does not now, and has not at any time sought to cancel plaintiff's contract for any political or personal reason.

Practically all of the questions presented in this appeal have been heretofore passed upon by this court, and the Appellate Court, and have been decided adversely to the contention of the appellees.

The appellees contend that the appellant was not a

permanent teacher under chapter 97, Acts 1927, for the reason that she never complied with the requirement of Section 3 of the act. Sec. 28-4309, Burns 1933. Said section is as follows:

"No teacher shall be appointed by any such school corporation in Indiana, and no teacher shall become a permanent teacher in any such school corporation, until the school superintendent shall have made a report upon such teacher's preparation, experience, and license, and it shall be the duty of every such superintendent, within ten (10) days after request, to make such report upon any person whom the school corporation is considering as an applicant; Provided, That nothing contained in this section shall be deemed to prevent the granting to any superintendent of additional authority in the selection and employment of teachers either by law or by the rules or regulations of any such school corporation."

In the case of *State ex rel. Clark* v. *Stout* (1934), 206 Ind. 58, 63, 187 N. E. 267, this court passed upon this question, and quoted with approval the construction placed upon the section in question by the Attorney-General, and the same construction by the Attorney-General is found in the brief of the appellant in the instant case, which is as follows:

" 'Section 3 of the Tenure Act apparently places no further duty or requisite qualification upon the teacher to enable such teacher to enter into a teacher's contract. The duties growing out of section 3 of the Tenure Act are duties devolving solely upon the superintendent and the employing officials with a view of obtaining the skilled advice of the superintendent in the case of all employment contracts. Even so, however, the section must be treated as advisory only since no method is provided for enforcing it, unless it be to declare the teacher's contract invalid in the event the employing official fails to comply with the section by making the request for and receiving the advice as to the teacher's preparation, experience, and license. I do not think it was the intention that a teacher with a duly registered license should thus be penalized for the failure of the employing official.' "

The foregoing construction of section 3 was approved in the case of *State ex rel. Clark* v. *Stout, supra*, and we again approve it in the instant case. The court, in the above case, further said (p. 64):

"In reaching the conclusion that §3 places upon the applicant the duty of requesting the report appellee relies not so much upon the wording of the section as upon the rule of construction that 'in dealing with legislation granting powers and privileges to individuals for their own advantage, courts are required to strictly construe as against such individuals.' Such a rule has been recognized by this court. *Board of Commr's. of Vigo County* v. *Davis* (1894), 136 Ind. 503, 36 N. E. 141, 22 L. R. A. 515. But in our opinion the Teacher Tenure Act is based upon the public policy of protecting the educational interests of the state and not upon a policy of granting special privileges to teachers as a class or as individuals. Consequently it should not be strictly construed as against relator, but rather should be construed liberally to effect the general purpose of the Tenure Act, since it is 'legislation in which the public at large is interested.' "

In the case of *Kostanzer et al.* v. *State ex rel. Ramsey* (1933), 205 Ind. 536, 549, 187 N. E. 337, relative to section 3 of the act in question, the court said:

"The complaint does not allege and there is no finding that the superintendent of schools had made a report on appellee's 'preparation, experience and license,' as provided for in section 3 of the Teacher Tenure Act (§6967.3, Burns' Ann. St. Supp. 1929, §6005, Baldwin's 1934) and appellant urges that such a report was a condition precedent to appellee's becoming a permanent teacher. We considered this contention and rejected it in *State of Indiana ex rel. Clark* v. *Stout, Trustee* (1933), 206 Ind. 58, 187 N. E. 267. As indicated in the opinion in that case, we believe that the requirements of section 3 of the Teacher Tenure Act must be treated as advisory to the employing officials and not as creating a condition precedent to a school corporation's entering into a valid contract with a teacher."

It is the position of appellees that the propositions,

points and authorities of appellant to the effect that a permanent teacher under the Tenure Act cannot be discharged on the sole ground that she is a married woman are not in point and applicable in the instant case for the reason that the decision of the lower court in the instant case does not hold that one may be discharged because she is a married woman but that it merely holds that the appellant was not a permanent teacher.

It is true that the court held the appellant was not a tenure teacher, but the finding and judgment does not disclose why it so held. However, if the court ■ based its finding and judgment upon the fact that the appellant was not a tenure teacher upon the fact alone that the appellant was a married woman, then such a finding and judgment would be erroneous under the decisions of this court. *School City of Elwood* v. *State ex rel. Griffin* (1932), 203 Ind. 626, 180 N. E. 471, 81 A. L. R. 1027; *Kostanzer* v. *State ex rel. Ramsey, supra.*

In view of the result we have reached in this case, it is unnecessary for us to consider the third assignment of error of the appellant.

The motion for a new trial should have been sustained.

Judgment reversed.

Tremain, J., not participating.